## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **NOLBERTO ORTEGA,** | ) | **Case No.:  1:19-cr-00388-LCB-GMB-2** |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This action is before the Court on Defendant Nolberto Ortega's Motion to Set Aside Plea. (Doc. 229). After reviewing Defendant's briefing and hearing oral argument, Defendant's motion is denied.

## I.      BACKGROUND

Defendant is charged with five counts of various felony drug offenses under 18 U.S.C. § 1956 and 21 U.S.C. §§ 841, 843, and 846.[1] (*See* Doc. 50). He pleaded guilty to these counts through an interpreter on December 18, 2019. (Doc. 246 at 20). Defendant was represented by Joseph Ingram at this proceeding. Before accepting the plea, this Court conducted an extensive colloquy with Defendant, which included the following:

---

[1] Defendant is implicated in a criminal drug conspiracy and was indicted with eleven other parties.

THE COURT: All right, sir. Have you had adequate time to consult with your attorney concerning the charges that are pending against you?

DEFENDANT: Yes.

THE COURT: Are you fully satisfied with his representation and advice?

DEFENDANT: Yes.

…

THE COURT: If you plead guilty, the only thing remaining for the Court to do would be to impose sentence, there would be no trial, and you would be guilty of the charge to which you pled guilty. The end result would be the same as if you were to be found guilty after a trial. Do you understand those things sir?

DEFENDANT: Yes.

…

THE COURT: Have you and your attorney talked about the sentencing guidelines and how they apply to your case?

DEFENDANT: Yes.

THE COURT: Do you understand that I will not be able to determine the guideline sentence in your case until after the presentence report has been completed and you, your attorney, and the U.S. Attorney have had an opportunity to challenge the reported facts and the application of the guidelines recommended by the probation officer?

DEFENDANT: Yes.

…

THE COURT: Before you signed the plea agreement, did you have a sufficient opportunity to discuss it with Mr. Ingram?

DEFENDANT: Yes.

THE COURT: And Mr. Ingram, before the Defendant signed the plea agreement, did you have a sufficient opportunity to discuss it with him?

MR. INGRAM: Yes, your honor.

…

THE COURT: Has anyone promised you anything or threatened or coerced you in any way to encourage you to enter this plea of guilty other than the terms of the agreement?

DEFENDANT: No.

THE COURT: Are you pleading guilty because you are in fact guilty?

DEFENDANT: Yes.

(*Id*. at 5–20). After the colloquy concluded, the Court accepted Defendant's guilty plea and found that it was entered knowingly and voluntarily. (*Id*. at 24). His sentencing was ultimately set for May 27, 2020. (Doc. 208).

Joseph Ingram moved to withdraw as Defendant's attorney on March 19, 2020, citing a breakdown in the attorney-client relationship. (Doc. 182). W. Scott Brower subsequently became Defendant's attorney and moved to withdraw his guilty plea. (Doc. 229). The Court heard testimony and arguments about the motion on July 14, 2020. In support of his guilty plea withdrawal, Defendant testified through an interpreter that he only met with his original attorney four times (once to discuss the charges), he did not get a copy of the charges levied against him, and his former attorney did not adequately explain the amount of time he may have to spend

in prison. (Doc. 240 at 8–12). Defendant's primary argument is that his attorney forced him to plead guilty and he trusted his advice. (*Id*. at 14).

## II.   DISCUSSION

Under Rule 32(d) of the Federal Rules of Criminal Procedure, the court can accept the withdrawal of a defendant's guilty plea "for any fair and just reason." However, a defendant does not have an "absolute right to withdraw a guilty plea before sentencing." *United States v. McCarty*, 99 F.3d 383, 386 (11th Cir. 1996) (per curiam) (citing *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988)). When determining whether to allow a guilty plea withdrawal, the court can consider the "totality of the circumstances surrounding the plea." *Buckles*, 843 F.2d at 471. The following factors aid the court when evaluating a motion to withdraw a guilty plea: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id*. at 472 (internal citations omitted). The court can weigh a defendant's credibility when evaluating his motion to withdraw his guilty plea. *Id*. (citing *United States v. Becklean*, 598 F.2d 1122, 1126 (8th Cir. 1979)).

Considering the totality of the circumstances, Defendant has not established a fair and just reason for the withdrawal of his guilty plea. While Defendant asserts that his former attorney infrequently met with him and told him to accept the plea

4

agreement, his answers during the change of plea colloquy belie this argument. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption of truth that the statements made during the colloquy are true.") During the proceeding, the Defendant testified he had an adequate amount of time to spend with his attorney to discuss the charges and he did not have an issue with Mr. Ingram's representation. (Doc. 246 at 5). Defendant also stated that no one had coerced him into entering into a plea agreement. (*Id*. at 20). Even though Defendant claimed he felt pressured by his attorney in the motion hearing, an attorney telling his client to plead guilty generally is not coercion. *See Buckles,* 843 F.2d at 472. ("A defendant cannot complain of coercion where his attorney, employing his best professional judgment, recommends that the defendant plead guilty.")

Notably, Defendant has not demonstrated that his former attorney's advice to plead guilty was fundamentally misleading or defective. During the motion hearing, Defendant testified that Mr. Ingram told him that if he were found guilty of one charge at trial, "[Defendant] would have to go to jail for many, many, many years." (Doc. 240 at 9). He also testified that Mr. Ingram said "[g]o ahead and sign [the guilty plea] anyway" because he was not being offered a lot of jail time. (*Id*. at 10). However, he does not offer any evidence that his former attorney's instruction to plead guilty was inept. Considering the charges that Defendant faces, it was not unreasonable for an attorney to advise him to plead guilty when he would likely

incur more time in prison if found guilty by a jury. Even though Defendant testified he told Mr. Ingram he was not involved with the crime (*Id*. at 9), this assertion alone is inadequate to support a withdrawal of his guilty plea. *See Buckles*, 843 F.2d at 472 ("A mere declaration of innocence does not entitle a defendant to withdraw his guilty plea.") Therefore, Defendant's argument regarding his former attorney's advice is unconvincing.

Further, Defendant's plea agreement and testimony at the change of plea hearing demonstrate that he entered the guilty plea knowingly and voluntarily. Defendant signed and initialed every page of the plea agreement with the assistance of Mr. Ingram on October 30, 2019. (Doc. 142 at 33). The agreement provides, in part, that by signing the document and initialing every page, Defendant understood all the provisions of the agreement. (*Id*.). He also signed a section of the plea agreement that conveyed his signature was an acknowledgment that he was entering into the plea deal knowingly and voluntarily. (*Id*. at 26). Defendant also initialed and signed a guilty plea advice of rights form in Spanish. (Doc. 141). The form confirms understanding such things as the sentencing guidelines and the constitutional rights Defendant was waiving. (*See id*. at 9, 14).

Additionally, during the change of plea hearing, the Court informed the Defendant of the constitutional rights he would be forfeiting by pleading guilty. (Doc. 246 at 6). Defendant affirmatively stated that he voluntarily signed the plea

agreement and was not suffering from any condition that would prevent him from understanding the proceedings. (*Id*. at 4). After the Government read the charges and elements of each offense and the Court explained the range of punishment for each offense, Defendant also acknowledged that he understood the charges and penalties. (*Id*. at 12–13). He also recognized that his prospective time in prison could change after probation completed its presentence investigation. (*Id*. at 14). Accordingly, Defendant's endorsement of the plea agreement and answers during the change of plea hearing indicate that he entered his plea knowingly and voluntarily.

Finally, while the amount of judicial resources expended at this point may not be extraordinary, the Court can also consider the prejudice the government would face if the plea were withdrawn. *Buckles*, 843 F.2d at 472. A significant amount of time has passed since Defendant entered his guilty plea. The Government would be prejudiced as it would likely have to devote a significant amount of time gathering resources like witnesses that may not readily be available since Defendant's change of plea hearing. *See id.* at 474.

### III.   CONCLUSION

Considering the totality of the circumstances, the Court finds Defendant has not met his burden of showing there is a fair and just reason to withdraw his guilty plea. *See McCarty*, 99 F.3d at 385. Accordingly, Defendant's Motion to Withdraw Plea of Guilty (Doc. 229) is **DENIED**.

**DONE** and **ORDERED** this July 30, 2020.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE